The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. The appealing party has shown good grounds to reconsider the evidence. Upon reconsideration of the evidence of record, the Full Commission reverses the Deputy Commissioner's denial of benefits and enters the following Opinion and Award.
* * * * * * * * * * * * * * *
At the call of this case for hearing before the Full Commission neither defendant-employer, Princeton Manufacturing Company nor its carrier, Royal Insurance Company, were present or represented by counsel. Mr. James B. Wheless, Jr., counsel for former defendants Americal Corporation and Cigna Insurance Company was present to make certain that his clients had been dismissed as parties to this action.
* * * * * * * * * * * * * * *
FINDINGS OF FACT
The Full Commission Rejects the findings of fact found by the Deputy Commissioner and finds as follows:
1. On 7 January 1993 Deputy Commissioner Scott M. Taylor entered an Order adding defendant-employer Princeton Manufacturing Company and Royal Insurance Company as party defendants to this claim. Subsequent to that Order, Deputy Commissioner Edward Garner, Jr. entered an Order on 3 January 1994 in which Americal Corporation and Cigna Insurance Company were in fact dismissed as party defendants to this action.
2. At the hearing in Goldsboro, North Carolina on 24 January 1994, defendants Princeton Manufacturers and Royal Insurance Company were neither present nor represented by counsel. Deputy Commissioner Edward Garner, Jr. read into the hearing transcript that he had sent an Order to both defendants informing them of the exact time and date of the hearing.
3. Plaintiff, through her attorney, filed a brief with the Full Commission which was received by the Commission on 19 August 1994. Attached to the brief submitted were Certificates Of Service to both Princeton Manufacturing Company and Royal Insurance Company.
4. The Full Commission finds that there is nothing in the record or file to indicate that defendants did not receive notice of the hearing before Deputy Commissioner Garner or the hearing before the Full Commission, and that defendants failed to give the Commission any reason for their absences.
5. On 24 March 1990 plaintiff sustained a work related injury to her middle finger while working for former party-defendant Americal Corporation. On 29 March 1990 plaintiff underwent a trigger finger release procedure by Dr. Hector Pedraza.
6. As the result of the 24 March 1990 work related injury, an Industrial Commission Form 21 was approved by the Commission on 28 June 1990. On 24 April 1994 an Industrial Commission From 26 was approved by the Commission in which plaintiff was given a seven (7) percent permanent partial disability rating for her right middle finger.
7. From June of 1991 to July of 1992 plaintiff worked for Penny's Cleaners as a presser. During the period she worked for the cleaners, the condition of plaintiff's right middle finger improved.
8. In July 1992 plaintiff went to work for Princeton Manufacturing Company where she worked eight and one-half (8 1/2) hours per day for four and one-half (4 1/2) days per week. Plaintiff's job duties required her to work at a sewing machine and were repetitive.
9. After she began her job duties with defendant-employer, plaintiff experienced a worsening of the condition of her right middle finger. The finger began to lock in position, as it had prior to her 29 March 1990 finger release procedure, and the pain and swelling increased.
10. With this recurrence of symptoms, plaintiff returned to Dr. Pedraza in October 1992, the first time she had seen Dr. Pedraza since he released her in May of 1991. Dr. Pedraza diagnosed plaintiff as suffering from tenosynovitis, and plaintiff was initially treated with anti-inflammatory medicine, although Dr. Pedraza believed surgery may be required. Even with a second finger release, Dr. Pedraza was of the opinion that plaintiff would continue to experience debilitating symptoms of tenosynovitis. However, up through the date of the hearing before the Full Commission, plaintiff has been unable to have this procedure performed.
11. Due to plaintiff's deteriorating condition Dr. Pedraza restricted plaintiff's duties, reduced her schedule to part-time beginning on 28 October 1992, and recommended that these restrictions continue for at least a month. With her condition not improving, plaintiff was eventually forced to leave her job with defendant-employer, her last day being 22 December 1992.
12. In a 7 October 1992 note Dr. Pedraza rendered an opinion that plaintiff's recurrence of symptoms were likely due to the repetitive nature of her job. Further, in a 31 December 1992 letter, Dr. Pedraza expanded on his opinion and stated that plaintiff's work duties for defendant-employer may have aggravated her condition.
13. Plaintiff's suffers from the occupational disease tenosynovitis. Plaintiff's occupational disease was materially aggravated by conditions peculiar to her employment, specifically, the repetitive nature of her duties as a sewer.
14. As the result of the compensable aggravation of plaintiff's occupational disease, plaintiff has been incapable of earning wages with defendant-employer or in any other employment beginning on 23 December 1992 and continuing.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer on the date(s) when plaintiff's disability began and Royal Insurance Company was the compensation carrier on the risk on said date(s).
3. Plaintiff's rate of pay was $4.50 per hour for thirty-six (36) hours per week. Therefore, the average weekly wage was $162.00, which yields a compensation rate of $108.00 per week.
4. The condition of plaintiff's occupational disease, tenosynovitis, was materially aggravated by the repetitive nature of her job duties while working for defendant-employer. Hansel v.Sherman Textiles, 304 N.C. 44, 283 S.E.2d 44 (1981); N.C.G.S. §97-53 (21).
5. As the result of plaintiff's occupational disease she has been incapable of work in any employment beginning on 23 December 1992 and continuing. Russell v. Lowes ProductDistribution, 108 N.C. App. 762, 415 S.E.2d 454 (1993). Therefore, plaintiff is entitled to be paid by defendants temporary total disability compensation at the rate of $108.00 per week beginning on 23 December 1992 and continuing until such time as defendants obtain permission from the Industrial Commission to cease payment of compensation. N.C.G.S. § 97-29.
6. As the result of plaintiff's compensable occupational disease tenosynovitis, plaintiff is entitled to have defendants pay for all reasonable medical expenses arising from said occupational disease. N.C.G.S. § 97-25.
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law the Full Commission reverses the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to the attorney's fee hereinafter approved, defendants shall pay temporary total disability compensation to plaintiff at the rate of $108.00 per week for the period of 23 December 1992 and continuing until such time as defendants obtain permission from the Industrial Commission to cease payments. Such amount as has accrued shall be paid to plaintiff in a lump sum.
2. Defendants shall pay all reasonable and necessary medical expenses arising from plaintiff's occupational disease when bills for the same have been submitted to the carrier and approved pursuant to procedures established by the Industrial Commission.
3. A reasonable attorney's fee of twenty-five (25) percent of the accrued compensation benefits due under the above award is approved for plaintiff's counsel, which shall be deducted from said award and paid directly thereto. Thereafter, counsel for plaintiff shall receive every fourth check payable to plaintiff pursuant to the above award.
4. Defendants shall pay the costs.
 S/ __________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ __________________ JAMES J. BOOKER COMMISSIONER
S/ __________________ COY M. VANCE COMMISSIONER